**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| READYLINK HEALTHCARE, a Nevada corporation, | No. 09-55630 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-00532-SGL-OP |
| v. | |
| EVANSTON INSURANCE COMPANY, a corporation, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| and | |
| MARKEL CORPORATION, a corporation; SHAND MORAHAN & COMPANY, INC., a corporation, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted on June 11, 2010[**]
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and MAHAN, District Judge.[***]

ReadyLink HealthCare (hereinafter "ReadyLink") appeals the district court's order granting summary judgment in favor of Evanston Insurance Company (hereinafter "Evanston") and the other defendants in this case, and denying plaintiff's motion for partial summary judgment. The district court entered final judgment after the appeal was filed, and therefore, appellate jurisdiction exists pursuant to 28 U.S.C. § 1291. We review de novo the district court's order on a motion for summary judgment.

We agree with the district court and hold that the evidence demonstrated that ReadyLink made the $75,000 payment to settle the hospital's contractual indemnity claim, not the underlying malpractice claim. Section 2(d) of the insurance policy specifically excluded contractual indemnity claims. Therefore, Evanston did not breach the contract when it denied ReadyLink's claim for the $75,000 payment.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Because there was  no coverage under the insurance policy, there can be no bad faith.  *See Waller Truck Ins. Exchange*, 11 Cal. 4th 1, 35-36 (1995); *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1151-1153 (1990).

AFFIRMED.